UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 25-3287

**MICHAEL SMITH**
*Plaintiff-Appellant,*

v.

**FLOCK GROUP, INC.**
*Defendant-Appellee.*

**APPELLEE FLOCK GROUP, INC.'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF OUT OF TIME IN PARTIAL SUPPORT OF PLAINTIFF-APPELLANT**

Appeal from the Orders of the United States District Court for the Northern District of Ohio Dismissing Michael Smith's Second Amended Complaint and Denying Smith's Motion to Alter or Amend Judgment at Case No. 5:23-cv-2198

| | |
|---|---|
| Michael P. Pest | Leah A. Mintz |
| DUANE MORRIS LLP | DUANE MORRIS LLP |
| 625 Liberty Avenue | 30 South 17th Street |
| Suite 1000 | Philadelphia, PA 19103 |
| Pittsburgh, PA 15222 | (215) 979-1000 |
| (412) 497-1000 | |

*Counsel for Flock Group, Inc.*

Defendant-Appellee Flock Group, Inc. ("Flock") respectfully opposes the Motion of the Innocence Project and the Roderick and Solange McArthur Justice Center (the "Proposed Amici") to file an untimely amicus brief in partial support of Plaintiff-Appellant Michael Smith ("Plaintiff"). Although Flock would not normally oppose the timely participation of amicus curiae, the untimely nature of Proposed Amici's request and the nature of Proposed Amici's brief, which attempts to introduce extra-record news articles and information into a case about the sufficiency of a pleading, makes this case an outlier.

## ARGUMENT

*First*, Proposed Amici's motion should be denied because it is extremely untimely. Under the Federal Rules, "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported." Fed. R. App. P. 29(a)(6). Plaintiff filed his principal brief on May 2, 2025. (*See* Case No. 25-3287, Document 11.) Therefore, Proposed Amici's motion and proposed brief were due on May 9, 2025. Yet Proposed Amici waited until July 29, 2025—over 2.5 months later—to file their motion.

In an attempt to justify their untimeliness, Proposed Amici point to the supposed "unusual" nature of the briefing schedule in this case, referring to the fact that the parties filed their briefs in advance of the deadlines set by the briefing schedule. (*See* Mot. at 3.) That contention is not a valid reason for missing Rule 29's deadline and, in any event, rings hollow. Even if the parties had filed their briefs on the actual deadlines,

1

Proposed Amici's motion would still be untimely. Under the Court's scheduling order, Plaintiff's principal brief was due on June 16, 2025. (*See* Case No. 25-3287, Document 10-1.) Had Plaintiff waited until that date to file his principal brief, Proposed Amici's motion would have been due on June 23, 2025. Yet, Proposed Amici waited over a month beyond *that date* to seek to participate in the case.[1]

It is also irrelevant that Flock filed its response brief on July 2, 2025 rather than on July 16, 2025. Under either timeline, Proposed Amici's motion would still have been filed well after Flock's brief was due. Thus, in either event, Proposed Amici's belated filing would have deprived Flock of an opportunity to respond to Proposed Amici's arguments at the same time as responding to Plaintiff's principal brief.

Moreover, because Plaintiff filed his reply brief shortly after Flock filed its response brief, this case had been fully briefed and ready for the Court's consideration for more than three weeks before Proposed Amici sought to participate. Allowing Proposed Amici to participate in the case at this juncture, and allowing the parties to respond to the amicus brief, would necessarily extend this timeline.

Proposed Amici are also incorrect that Flock would not suffer any prejudice from their belated filing. The briefing is already complete, meaning Flock would need to submit a supplemental brief to respond to the new arguments and allegations

---

[1] Proposed Amici's argument that they "did not even learn about the case" until weeks after the filing of Plaintiff's brief strains credulity, as the District Court's decision dismissing Plaintiff's underlying lawsuit was issued on April 15, *2024*.

2

Proposed Amici attempt belatedly to introduce. That supplemental briefing would require additional resources to prepare and would obviate the purpose of the time limits in Rule 29(a)(6), which is to allow all arguments in the appellant's favor to be addressed in one responsive brief. In addition, Plaintiff has already filed his reply brief, but Proposed Amici also envision giving Plaintiff an opportunity to respond to their brief. (*See* Mot. at 5.) Notably, Plaintiff's principal brief contained 12,980 words of the 13,000 permitted words, and his reply brief contained 6,497 words of the 6,500 permitted words. Allowing Plaintiff to file a third brief to address (and presumably agree with) Proposed Amici's arguments would give Plaintiff far more space to argue than contemplated by the Rules of Appellate Procedure.

Given the significant untimeliness of Proposed Amici's motion, leave to file an out-of-time brief should be denied. *See ThermoLife Int'l, LLC v. Am. Fitness Wholesalers, L.L.C.*, 831 F. App'x 325, 325 n.1 (9th Cir. 2020) (denying motion for leave to file an amicus brief where motion was "untimely by almost three months" and the proposed amicus "offers no explanation as to why the court should excuse the late filing"); *Ysleta Del Sur Pueblo v. El Paso County Water Improvement Dist. No. 1*, 222 F.3d 208, 209 (5th Cir. 2000) (denying motion for leave to file an amicus brief out of time because the motion was untimely, the issues were adequately briefed, and granting the motion "would result in the needless delay of this case's disposition").

*Second*, Proposed Amici's brief is unhelpful to the Court. It principally argues that the Court should decide the case in a certain order and that, depending on the

3

outcome of the first issue (whether Plaintiff plausibly alleged facts showing that Flock proximately caused any alleged violation of his constitutional rights), the Court should not address the second issue (whether Plaintiff plausibly alleged that Flock was a state actor). Flock already argued that the issues should be decided in that order. (*See* Flock Response Brief, Document No. 15, at 20-27.) Proposed Amici's brief does not add anything new on this point.[2]

Further, to the extent Proposed Amici address the merits of the state-actor issue, Proposed Amici seek to inject irrelevant and improper information into the record. Throughout Proposed Amici's brief, they cite to news articles that were not referenced in the operative complaint and, in many circumstances, go beyond what was alleged in that complaint. Similarly, Proposed Amici ask this Court to draw inferences from Flock's attempt to intervene in a different case, in a different jurisdiction, dealing with different issues—even though the operative complaint in this case never even alluded to that other litigation. Flock does not address each instance here but will do so if the

---

[2] The proposed amicus brief repeatedly mischaracterizes the District Court's analysis. For example, the District Court did not "conflate two distinct prongs of a section 1983 claim in its analysis." Rather, the District Court clearly analyzed each prong separately, concluding (1) that Plaintiff failed to allege facts sufficient to demonstrate a sufficiently close relationship between Flock and the state under the nexus test and (2) that, "even if [Flock] could be considered a state actor, Plaintiff failed to allege facts supporting a plausible claim that [Flock] violated his Fourth, Fifth, or Fourteenth Amendment rights." Opinion & Order, R. 38, PageID 1012.

Court ultimately grants Proposed Amici's motion and permits the parties to respond to the accepted amicus brief.[3]

Even without Flock addressing every problematic example, it is clear that Proposed Amici are exceeding the proper role for an amicus curiae. *See Self-Insurance Inst. of Am., Inc. v. Snyder*, 827 F.3d 549, 560 (6th Cir. 2016) (recognizing that "[w]hile an amicus may offer assistance in resolving issues properly before a court, it may not raise issues or arguments not raised by the parties" (alteration in original) (quotation omitted)); *see also Ministry of Defense of the Islamic Repub. of Iran*, 969 F.2d 764, 773 (9th Cir. 1992) (declining "to go outside the record to consider new facts submitted by a non-party at this stage of these proceedings," after oral argument). Proposed Amici's attempts to introduce new allegations are particularly problematic because this case was decided under Federal Rule of Civil Procedure 12(b)(6), which "is designed to test the sufficiency of the complaint." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). Allowing non-parties to introduce non-record information to bolster a complaint that the district court determined was deficient would circumvent the orderly appellate process. As this Court has recognized, "the appellate court should

---

[3] The proposed brief also attempts to shoehorn in arguments that Plaintiff either waived or did not raise at all. One glaring example is the Proposed Amici's frequent repetition of Flock's alleged "dispatching" activities. As noted in Flock's brief, Plaintiff did not raise that argument in the District Court and instead waited until this appeal to contend that Flock was performing a state function because Flock purportedly was acting as a "dispatcher." That argument was waived. *See* Flock Br. at 25 n.12.

have before it the record and facts considered by the District Court," and nothing more. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003).

For the foregoing reasons, Flock requests that the Court deny Proposed Amici's motion. In the event that the Court allows the Proposed Amici to file their proposed Amicus Brief, Flock respectfully requests an opportunity to respond.

Dated: August 6, 2025                                         Respectfully submitted,

/s/ *Michael P. Pest*
Michael P. Pest
Duane Morris LLP
625 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 497-1000

Leah A. Mintz
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1000

*Counsel for Flock Group, Inc.*

## C**ERTIFICATE OF** C**OMPLIANCE WITH** R**ULE** 27(d)(2)

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this response contains 1,444 words, excluding the portions exempted by 6 Cir. R. 32(b)(1).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared with a minimum font size of 14 point Garamond, a proportionally-spaced typeface, using Microsoft Office Word.

Dated: August 6, 2025

*/s/ Michael P. Pest*
Michael P. Pest
Duane Morris LLP
625 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 497-1000

Leah A. Mintz
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1000

*Counsel for Flock Group, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 6, 2025, the foregoing Response of Appellee Flock Group, Inc. was filed with the Clerk of Court for the United States District Court of Appeals for the Sixth Circuit via the Court's CM/ECF system, which will send notification of such filing to all counsel of record, and a copy was served by U.S. Mail, postage prepaid, on the following:

Michael Smith
1225 Skyline Drive, Apt. 105
Orrville, OH 44667
*Appellant*

/s/ *Michael P. Pest*
Michael P. Pest
Duane Morris LLP
625 Liberty Ave, Suite 1000
Pittsburgh, PA 15222
(412) 497-1000

*Counsel for Flock Group, Inc.*