Michael Smith

1225 Skyline Dr., Apt. 105

Orrville, OH 44667

**Pro Se Appellant**

August 12, 2025

VIA CM/ECF

Kelly L. Stephens

Clerk of Court

United States Court of Appeals for the Sixth Circuit

Potter Stewart U.S. Courthouse

100 East Fifth Street

Cincinnati, Ohio 45202

**Re:** *Smith v. Flock Group, Inc.*, No. 25-3287 — Fed. R. App. P. 28(j) Letter

Dear Ms. Stephens:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant submits supplemental authority. These additional authorities are critical to the arguments that the district court made mistakes in dismissing the § 1983 claims and mixing up causation and state action in relation to FLOCK's role as a dispatcher, which is considered a State function.

    These dispatcher/causation issues were raised and preserved in the operative complaint and the opening brief when read liberally. Allegations regarding FLOCK is a dispatcher, can be found in Complaint at R.E 21, PageID 625,626, 627, also Opening Brief Doc #11, pages 13,20,21,28, 29,44; Causation is addressed in Complaint at R.E 21, PageID numbers 592, 629, 640, 649,654 and Opening Brief at Doc #11, pages 18,58,65,78.

1. **Powers v. Hamilton Cnty. Pub. Def. Comm'n**, 501 F.3d 592, 607 (6th Cir. 2007) — Clarifies that causation under § 1983 is a separate inquiry from state action. The district court conflated these questions, dismissing on "state action" grounds without separately assessing whether Flock's being a dispatcher proximately caused the seizure. FLOCK was the "moving force" behind the violation of the Appellant rights.

2. **Wagner v. Metro. Nashville Airport Auth.**, 772 F.2d 227, 229 (6th Cir. 1985) — Finds that the actions of private individuals may be under color of state law when "significant state involvement attaches to the action. Direct, real-time operational coordination with police officers, as alleged here as FLOCK, as a dispatcher with a legal relationship with the State.

3. **Waters v. City of Morristown**, 242 F.3d 353, 359 (6th Cir. 2001) — State action is present when governmental functions are delegated to private parties. The allegations that JTPD delegated seizure initiation to FLOCK's flagging system and FLOCK is a dispatcher, which is a State function.

These authorities support reversal by showing: (1) causation and state action must be separately analyzed; (2) the complaint when read liberally plausibly alleges Flock's dispatcher conduct proximately caused the seizure; and (3) the allegations describe joint activity and delegation of police powers sufficient for § 1983 liability.

Respectfully submitted,

/s/

Michael Smith

Pro Se Appellant

cc: All parties and amici via CM/ECF