<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 25-3287

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────────┐
│          FILED              │
│       Feb 6, 2026           │
│  KELLY L. STEPHENS, Clerk   │
└─────────────────────────────┘
```

MICHAEL SMITH,                                )
                                              )
    Plaintiff-Appellant,                      )
                                              )
v.                                            )    ON APPEAL FROM THE UNITED
                                              )    STATES DISTRICT COURT FOR
FLOCK GROUP INC., originally named as Flock   )    THE NORTHERN DISTRICT OF
Safety,                                       )    OHIO
                                              )
    Defendant-Appellee.                       )

O R D E R

Before: SUTTON, Chief Judge; McKEAGUE and GRIFFIN, Circuit Judges.

Michael Smith, a pro se Ohio litigant, appeals the district court's judgment dismissing his civil action. Smith also moves for "exemption from payment of the PACER user fee." This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we affirm.

According to the allegations in Smith's complaint, Flock Group, Inc. (Flock) maintains a license plate recognition (LPR) camera system. Local police agencies subscribe to Flock's system and receive access to its stored data. Police can also create a "hot[]list" of suspects for the system. Then, if Flock's cameras match a license plate with a suspect's vehicle on the hot list, Flock alerts the police.

In 2023, Flock matched Smith's license plate to a suspect involved in a juvenile kidnapping. Flock alerted the Jackson Township police department. Officers conducted a traffic stop and determined that the juvenile had been located. A short time later, officers released Smith.

No. 25-3287
- 2 -

Smith sued Flock, raising 17 claims: (1) negligence, (2) design defect, (3) manufacturing defect, (4) failure to warn, (5) nonconformance with representation, (6) libel per se, (7) false light invasion of privacy, (8) intentional infliction of emotional distress, (9) negligent infliction of emotional distress, (10) misappropriation of name and likeness, (11) defamation per se, (12) defamation per quod, (15) unreasonable search and seizure, (16) due process violation, (17) unjust enrichment, (18) fraudulent concealment, and (19) conversion.[1]  Flock moved to dismiss for failure to state a claim.  The district court dismissed Flock's 42 U.S.C. § 1983 claims (Claims 15 and 16) because Flock is not a state actor and, even if it were, Smith failed to allege facts showing that Flock violated his constitutional rights.  The court also concluded that Smith failed to allege facts supporting his state-law claims.  The court thus granted Flock's motion and dismissed Smith's complaint.

On appeal, Smith challenges the dismissal of Claims 2, 4, 5, 8, and 11 through 19 only.  He thus forfeits review of his remaining claims by failing to raise them in his brief.  *See Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 843 (6th Cir.), *cert. denied*, 144 S. Ct. 2689 (2024).  He also argues that the district court erroneously considered court filings from his prior lawsuit against Jackson Township.

Failure to State a Claim

We review de novo the dismissal of a complaint for failure to state a claim.  *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024).  In so doing, we construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  *Id.*  To avoid dismissal, the complaint must provide enough facts to "state a claim to relief that is plausible on its face."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Claims 15 and 16—Federal Claims

Smith first challenges the district court's dismissal of his two § 1983 claims.  In Claim 15, Smith asserted that the traffic stop violated his Fourth Amendment rights.  And in Claim 16, he

---

[1] Smith's complaint omits Claims 13 and 14.

asserted that Flock denied him due process by failing to give him an opportunity to challenge "the false information."

The district court correctly dismissed Claims 15 and 16.  To state a claim under § 1983, Smith must allege that persons acting under color of law deprived him of a federal constitutional right.  *Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020).  He failed to do so.  The police—not Flock—entered the information into the LPR system that led to the traffic stop.  And the police conducted the traffic stop.  Smith did not allege that Flock was "personally involved in the alleged constitutional violations."  *Abu-Joudeh v. Schneider*, 954 F.3d 842, 850 (6th Cir. 2020) (citation modified).  The district court, therefore, did not err by dismissing Smith's § 1983 claims.

Claims 2, 4, 5—Product Liability Claims

Smith next challenges the dismissal of his product liability claims.  In Claim 2, Smith asserted that Flock defectively designed its LPR camera because it "was not reasonably safe for its intended use."  In Claim 5, Smith asserted that Flock misrepresented that its products were "safe for reading license plates."  The district court concluded that Smith failed to allege that the product was defective, and that Flock did not owe a duty to Smith.

The district court correctly dismissed Claims 2 and 5.  A product is defectively designed if, at the time it left the manufacturer's control, the foreseeable risks outweighed its benefits.  Ohio Rev. Code § 2307.75(A).  But a product that conforms to the manufacturer's representations is not defective.  *See* Ohio Rev. Code § 2307.77.  Here, Flock's cameras conformed to the manufacturer's representations:  the camera matched Smith's license plate to the hot list and alerted the police.  And the police—not Flock's cameras—conducted the traffic stop, which caused the injuries of which Smith complains.  *See Sutowski v. Eli Lilly & Co.*, 696 N.E.2d 187, 191-92 (Ohio 1998) (stating that a plaintiff must plausibly allege that a product defect proximately caused his injuries).  The district court, therefore, did not err by dismissing Claims 2 and 5.

The district court also correctly dismissed Claim 4.  In Claim 4, Smith asserted that Flock failed to warn him that it sold access to his license plate data.  To state a failure-to-warn claim, Smith must show that (1) Flock had a duty to warn against reasonably foreseeable risks, (2) it

breached that duty, and (3) the breach proximately caused his injuries. *Linert v. Foutz*, 75 N.E.3d 1218, 1226 (Ohio 2016) (citing Ohio Rev. Code § 2307.76(A)). Because Smith is not Flock's consumer, he has failed to allege that Flock owed him a duty. *See Thacker v. Ethicon, Inc.*, 47 F.4th 451, 460 (6th Cir. 2022) ("In a run-of-the-mill failure to warn case, the proximate cause inquiry focuses on the consumer."). Rather, the record demonstrates that Flock warned its consumers—local police agencies—of potential risks.

Claims 8, 11, 12, 17, 18, and 19—Tort Claims

Smith next challenges the dismissal of his tort claims. In Claim 8, Smith asserted that Flock's "publication of false statements of fact and their efforts to elicit unlawful detainment" caused him emotional distress. The district court concluded that Flock's capturing of Smith's license plate data did not amount to extreme and outrageous behavior.

To state a claim for intentional infliction of emotional distress, Smith must allege that (1) Flock intended to cause him serious emotional distress, (2) Flock's conduct was extreme and outrageous, (3) Flock's conduct proximately caused his injury, and (4) he suffered serious emotional distress. *Smith v. City of Toledo*, 13 F.4th 508, 521 (6th Cir. 2021). Smith asserted that the process of capturing license plate data and disseminating that information is extreme and outrageous conduct. We disagree. Flock's conduct in operating the LPR system does not go "beyond all possible bounds of decency, and [is not] regarded as atrocious, and utterly intolerable in a civilized community." *Georgin v. Georgin*, 204 N.E.3d 1, 10 (Ohio Ct. App. 2022) (quoting *Reamsnyder v. Jaskolski*, 462 N.E.2d 392, 394 (Ohio 1984)). The district court, therefore, correctly dismissed Claim 8.

In Claims 11 and 12, Smith asserted that Flock defamed him by falsely accusing him of a crime. The district court dismissed these claims because Flock did not publish false information.

The district court correctly dismissed both claims. To state a defamation claim, Smith must allege, among other things, that Flock published "a false statement of fact." *See Boulger v. Woods*, 917 F.3d 471, 478 (6th Cir. 2019) (quoting *Susan B. Anthony List v. Driehaus*, 779 F.3d 628, 632-33 (6th Cir. 2015)). Flock published Smith's license plate, and Smith does not argue that this

information was false.  He instead argues that the "hot list" was false.  But the police—not Flock—created that list.

In Claim 17, Smith asserted that Flock unjustly enriched itself by gathering his data and selling it to third parties.  The district court dismissed this claim because no economic transaction occurred between Smith and Flock.

Again, the district court did not err.  To state an unjust enrichment claim, Smith must allege facts showing that (1) he conferred a benefit to Flock, (2) Flock knew of the benefit, and (3) Flock unjustly retained the benefit without payment.  *See Bunta v. Superior VacuPress, LLC*, 218 N.E.3d 838, 848 (Ohio 2022) ("Unjust enrichment is an equitable claim based on a contract implied in law . . . .").  Smith asserted that his license plate data conferred a benefit to Flock, and Flock retained that benefit by selling access to his data.  But in the absence of an "economic transaction" between Smith and Flock—e.g., Smith's providing of information to Flock with the expectation of being paid—Smith "cannot establish that [Flock] retained any benefit to which it is not justly entitled."  *Johnson v. Microsoft Corp*., 834 N.E.2d 791, 799 (Ohio 2005) (citation modified).

In Claim 18, Smith asserted that Flock fraudulently concealed information by failing to inform him that it sold his data to third parties.  The district court dismissed this claim because Smith failed to allege facts showing that Flock intended to mislead another.

The district court correctly dismissed this claim.  To state a fraudulent-concealment claim, Smith must show that Flock knowingly concealed a material fact with the intention to mislead another and that he suffered damages as a result.  *See Jones v. Gilbert*, 210 N.E.3d 689, 695 (Ohio Ct. App. 2023).  Smith argued that Flock failed to disclose that it sold access to his license plate data. But Smith does not have a reasonable expectation of privacy in his license plate information. *See United States v. Ellison*, 462 F.3d 557, 561 (6th Cir. 2006); *see also United States v. Powell*, 847 F.3d 760, 773 (6th Cir. 2017).  Flock's use of that information is thus not material, nor does it reflect an intention to mislead.

In Claim 19, Smith asserted that Flock wrongfully exercised control over his information without his permission.  The district court dismissed this claim because Smith failed to allege an intangible asset subject to conversion.

No. 25-3287
- 6 -

Conversion is the wrongful exercise of control over the plaintiff's property. *See Bunta*, 218 N.E.3d at 844. To state a conversion claim for intangible property, Smith must allege an identifiable property right. *Id.* at 848. Smith argues that Flock unlawfully exercised control over his license plate data. But he does not have a reasonable expectation of privacy in this information. *See Ellison*, 462 F.3d at 561; *see also Powell*, 847 F.3d at 773. The district court, therefore, correctly dismissed Claim 17.

Judicial Notice

Smith argues that the district court erred by referencing his filings from his prior lawsuit against Jackson Township, *Smith v. Haddadin*, No. 5:23-CV-1171 (N.D. Ohio Nov. 28, 2023), without converting Flock's motion to dismiss to a summary judgment motion. In his complaint, Smith omitted information about the traffic stop. He suggested that the police stopped him because he was improperly on Flock's hot list for a crime he did not commit. The district court referenced a police report that Smith had included in his complaint in *Haddadin* to show that the police at one point considered Smith a suspect and added him to the hot list. Even assuming that the district court erred in referencing the report, it would at worst constitute harmless error. *See Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999). Smith's complaint stated that at "[n]o point during this complaint is this about who entered the wrong information," R.10 at 2, and the district court's expository reference to who entered the information logically did not impact the case's outcome. The district court did not rely on the fact in any of its reasoning for dismissing Smith's claims, and given the preceding analysis, Smith's claims were doomed with or without this fact.

For these reasons, we **AFFIRM** the district court's judgment. We **DENY** as moot Smith's motion for exemption from Pacer fees. We **GRANT** the motion to file an untimely amicus brief.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk